IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

RICHARD SCHWARTZ AND ASSOCIATES, P.A.                               PLAINTIFF

VS.                                                                                                                                          NO.3:19-CV- 747-HTW-LRA

DR. DEIRDRE CHRISTENBERRY, M.D.,                                           DEFENDANT

**PLAINTIFF'S NON-CONFIDENTIAL MEMORANDUM IN SUPPORT OF ITS
MOTION TO SEAL THE CASE BECAUSE OF ATTORNEY-CLIENT PRIVILEGE**

The Plaintiff submits its Memorandum in Support of its Motion to Seal the Case Because of Attorney-Client Privilege. The matter before the Court is a dispute between Richard Schwartz and Associates, P.A. ("Schwartz"), a law firm, and Dr. Deirdre Christenberry, M.D., a medical expert retained by RSA for ongoing asbestos cases. The Plaintiff has found a series of errors committed by the expert in her reports and requests the expert to correct them or pay damages for these errors. Due to the nature of this matter and the fact that an attorney may not waive attorney-client privilege, the Plaintiff moves to seal the entire matter under L.U. Civ. R. 79 Sealing of Court Records.

    A.    **Introduction**

The Plaintiff specifically requests the entire case[1] be permanently[2] sealed from public access only, with CM/ECF access permitted to the litigants' counsel[3]. As this matter seeks correction of reports by an expert for ongoing litigation, information protected by attorney-client

---

[1] L.U. Civ. R. 79(d)(3)(A) requires the non-confidential memorandum to include a description of what is to be sealed. The Plaintiff seeks to seal the entire case.
[2] L.U. Civ. R. 79(d)(3)(E) requires the non-confidential memorandum to include a statement of the time period the party is seeking to have the matter maintained under seal. The Plaintiff is seeks to have the case permanently sealed.
[3] L.U. Civ. R. 79(d)(3)(B) requires the non-confidential memorandum to include a specific request of how the case is to be sealed. The Plaintiff seeks to have the case sealed from public access only, with CM/ECF access permitted to the litigants' counsel, as set forth in subpart (2).

privilege and the work-product doctrine in those underlying cases must be disclosed to present the facts adequately. Not sealing this matter will undermine the integrity of the attorney-client privilege and work-product protection where corrections are sought. Further, the reports contain sensitive medical and personally-identifying information regarding the subjects of the reports. Any such report that attached as an exhibit to any pleading or motion would require substantial redaction or be filed individually under seal. Sealing the entire case is judicially economic as it will prevent the need for the parties to make, and the Court to consider multiple motions to seal individual filings and avoid the confusion that would result in specifying errors in reports to which all personally-identifying and sensitive medical information are redacted.[4]

### B. Attorney-Client Privilege[5]

The attorney-client privilege is the oldest privilege for confidential communications. *Hewes v. Langston,* 853 So. 2d 1237, 1244. (Miss. 2003) (citations omitted.) The privilege encourages full and frank discussion between lawyers and their clients to promote the two public interests of observance of the law and the administration of justice. *Id.* The attorney-client privilege, under Mississippi law, the privilege covers all information regarding the client and the attorney in representing his client.

---

[4] L.U. Civ. R. 79(d)(3)(C) requires the non-confidential memorandum to include a statement of why sealing is necessary, why it is most appropriate to seal from public access only, with CM/ECF access permitted to the litigants' counsel, and why another procedure will not suffice. Sealing is necessary to protect the Plaintiff's confidential attorney-client communications and protected work-product which form the basis of its claims in this action. A less restrictive procedure will not suffice as the information the Plaintiff seeks to protect are integral to the facts of the matter and other procedures would lead to judicial waste and confusion in the record.

[5] L.U. Civ. R. 79(d)(3)(D) requires the non-confidential memorandum to include references to governing case law. This section, and sections C and D, infra, set forth the governing case law, statutes, and Federal Rules of Civil Procedure, Local Uniform Rules of Civil Procedure, and Administrative Procedures for Electronic Case Filing which support the Plaintiff's request to permanently seal the file from public access and why less restrictive procedures will not suffice.

An attorney has a duty "[t]o maintain inviolate the confidence and, at every peril to themselves, to preserve the secrets of their clients[.]" Miss. Code Ann. § 73-3-37. "A lawyer shall not reveal information relating to the representation of a client unless the client gives informed consent, the disclosure is impliedly authorized in order to carry out the representation," or in certain limited circumstances. Miss. RPC Rule 1.6.

The matter at hand concerns the reports from a medical expert's examination and evaluation of the Plaintiff's clients. These reports and other relevant facts involved in this dispute contain medical and other sensitive information regarding the Plaintiff's clients. Due to the nature of this action and the Plaintiff's inviolate duty to maintain its clients' confidence even to its peril, if the case is not sealed, the Plaintiff cannot develop the facts when to do so would require disclosure of its clients' secrets or confidential attorney-client communications. Likewise, there is a substantial risk that sensitive or confidential information is inadvertently revealed even after exercise of due diligence to prevent exposure of such information.

**C.    Work-Product Protection**

The work-product protection shields an attorney's "thoughts, mental impressions, strategies and analysis from discovery by opposing counsel." *Hewes*, 853 at 1245. It is imperative that a lawyer can work in private "free from unnecessary intrusion by opposing parties and their counsel." *Id.* The lawyer's work consists of "interviews, statements, memoranda, correspondence, briefs, mental impressions, personal beliefs and other . . . ways." *Id.* These ideals are incorporated into the Federal Rules of Civil Procedure. Rule 26(b)(3)(A) provides that "[o]rdinarily, a party may not discover documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative…." Fed. R. Civ. P. 26(b)(3) Further, should such materials be subject to an exemption requiring disclosure, "the disclosure of mental the

mental impressions, conclusions, opinions, or legal theories of a party's attorney or other representative concerning the litigation" must be protected. *Id.*

Applying the work-product doctrine to retained experts, Rule 26(b)(4)(B) specifically protects report drafts of any required expert report or disclosure. Fed. R. Civ. P. 26(b)(4). And subject to certain exemptions[6], Rule 26(b)(4)(C) specifically applies the protections provided under Rules 26(b)(3)(A) and (B) to "communications between the party's attorney and any witness required to provide a report under Rule 26(a)(2)(b)…." *Id.*

The reports which Schwartz seeks to have corrected by Dr. Christenberry are directly related to and prepared for the underlying and ongoing asbestos litigation. Specifically, Dr. Christenberry was retained as a medical expert to examine and evaluate the asbestos-related injuries and risk of future injury to those litigants and to prepare reports regarding the same. As this action was brought to have errors in those reports corrected, the facts relevant to the claims and defenses of the parties will mainly be developed through communications between Schwartz and Dr. Christenberry about the drafting and amendment of the reports.

**D.     Protection of Personal and Sensitive Information**

As with an attorney's obligations to maintain its clients' confidences, the Federal Rules of Civil Procedure, and this Court's Local Rules of Civil Procedure and Administrative Procedures for Electronic Case Filing require an attorney to protect personal and sensitive information in compliance with the E-Government Act of 2002, 107 P.L. 347, 116 Stat. 2899. Specifically, Federal Rule 5.2 requires redaction of any filing that "contains an ***individual's*** social security number, taxpayer-identification number, or birth date, the name of an individual known to be a

---

[6] Communications that are exempt from work-product protection consist of communications concerning the expert's compensation, and facts, data, or assumptions relied on by the expert that were provided by the attorney.

minor, or a financial account number." Fed. R. Civ. P. 5.2 (emphasis added). This Court's Administrative Procedures further caution attorney's filing documents which contain "(1) personal identifying number, such as a driver's license number; (2) medical records, treatment and diagnosis; (3) employment history; (4) individual financial information; and, (5) proprietary or trade secret information." <u>Administrative Procedures for Electronic Case Filing</u>[7], § 9 – Privacy, pp. 16 (December 2008).

These requirements apply to all individuals, not just an attorney's clients. And it is the sole responsibility of the parties and attorneys to ensure compliance with the redaction requirements. L.U. Civ. R. 5.2.

Again, the matter at hand concerns medical reports and these reports contain personal and sensitive information which will necessitate substantial redaction if used as an exhibit by either party in any filing. Due to the redaction that would be required or advised, a document risks losing its probative value as an exhibit or creating confusion in the record.

Federal Rule 5.2 does provide options for filing unredacted copies of a document or reference list under seal. Fed. R. Civ. P. 5.2(f)-(g). However, due to the amount of information that must be or should be redacted from each document and the number of such documents that will likely need to be filed in such a manner, these options will be taxing on the parties. And filing in this manner still incurs the inherent risk that sensitive information will inadvertently be disclosed.

Another option would be for the parties to move to seal under Rule 79 for individual filings with many attachments that would require substantial redaction. However, this matter will likely require numerous such filings and associated motions and even if the motions are unopposed, the

---

[7] https://www.mssd.uscourts.gov/sites/mssd/files/administrative_procedures_12012018.pdf

need for consideration by the court will cause judicial waste.  Sealing the case in its entirety will prevent such waste.

### E. Conclusion

For the above state reasons, this Court should grant the Plaintiff's Motion to Seal the Case Because of Attorney-Client Privilege, to maintain the Plaintiff's duty to protect its clients' confidential information, maintain the integrity of the work-product protection, and promote judicial economy.

Respectfully submitted, this the 31st day of January 2020.

/s/  Emily C. Bradley
Emily C. Bradley, MSB #104523
Brent Hazzard, MSB #99721
Hazzard Law, LLC
447 Northpark Drive
Ridgeland, Mississippi 39157
T:  (601) 977-5253
F:  (601) 977-5236
emily.bradley@hazzardlaw.net
brent.hazzard@hazzardlaw.net

## **CERTIFICATE OF SERVICE**

I, Emily C. Bradley, do hereby certify that I have this day served, via the CM/ECF System, a true and correct copy of the above and foregoing *Plaintiff's Non-Confidential Memorandum in Support of its Motion to Seal the Case Because of Attorney-Client Privilege* to all counsel of record.

So certified, this the 31st day of January 2020.

    /s/ Emily C. Bradley