IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

RICHARD SCHWARTZ AND ASSOCIATES, P.A.                                    PLAINTIFF


VS.                                                    CIVIL ACTION NO. 3:19-CV-747-HTW-LRA


DR. DIERDRE CHRISTENBERRY, M.D.                                          DEFENDANT

## <u>ORDER GRANTING STAY</u>

BEFORE THIS COURT is the *ore tenus* Motion of the Parties for a Stay of this case for a

period of no less than ninety (90) days to allow for continued settlement negotiations.  The

Defendant removed this lawsuit from the Chancery Court of Hinds County, Mississippi (state

court), to this federal forum on October 21, 2019, pursuant to the alleged rubric of Title 28

U.S.C. §§1332, 1441 and 1446, diversity of citizenship.  Thereafter, the Defendant, Dr. Dierdre

Christenberry (hereafter "Christenberry") filed a Motion to Dismiss for Lack of Personal

Jurisdiction [doc. no. 4] under the authority of Rule 12(b)(2) of the Federal Rules of Civil

Procedure.  Since discovery was not yet complete, Magistrate Judge Linda R. Anderson, on

March 25, 2020, stayed discovery while the Motion to Dismiss was outstanding.   Also pending

here are several other motions, including a motion by the Defendant to seal the case [doc. no.

10].

On July 14, 2020, Magistrate Judge Linda R. Anderson conducted a status conference,

during which the parties advised the court that serious settlement negotiations are ongoing and

should be concluded within ninety (90) days.

The parties thus are in agreement that a stay of ninety (90) days will allow sufficient time

for the Defendant to review certain documents which are to be provided for her review, and for

1

Plaintiff to obtain certain clarifying information.  This case features a dispute between a law-firm and one of its medical experts in ongoing asbestos litigation in which the Plaintiff's firm is involved.  The court is of the opinion that this stay will also lessen the risk of disclosure to the public of matters alleged to be protected by the attorney-client privilege and HIPAA[1] disclosures that might necessarily be included in the pleadings and motions arguments.

This court finds, then, that the motion *sub judice* is well taken and should be granted. This case is stayed until further order of this court.  The Magistrate Judge will conduct a status conference on October 13, 2020, at 9:00 a.m. and thereafter report to the court the status of settlement negotiations.  At that time, this court may lift the stay to allow the case to proceed to trial or, if settlement has been achieved, to allow the case to be closed.

IT IS THEREFORE, ORDERED that this case is stayed until further order of this court.

IT IS FURTHER ORDERED  that the parties will notify the Magistrate judge no later than the date of the status conference on October 13, 2020, of the status of settlement negotiations.3:19cv747

IT IS FURTHER ORDERED that this case and all of its outstanding motions are to be removed from this court's active docket in the interim.

SO ORDERED this the 17th  day of July, 2020.

 s/ HENRY T. WINGATE
UNITED STATES DISTRICT COURT JUDGE

---

[1] HIPAA is the acronym for Health Insurance Portability and Accountability Act. Enacted in 1996,  HIPAA is codified primarily in Titles 18, 29 and 42 of the U.S. Code. Among other provisions, the Act created strict privacy protections for individuals' health information and authorized the Department of Health and Human Services to promulgate regulations, known collectively as the Privacy Rule, which is codified at 45 CFR §§ 160 and 164. 194 A.L.R. Fed. 133 (originally published 2004).